UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-20900-BLOOM/Otazo-Reyes

ALEX ANDERSON, JR.,

    Plaintiff,
v.

COMMISSIONER OF SOCIAL SECURITY,
*et al.*,

    Defendants.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant the Commissioner of Social Security's ("Defendant" of "Commissioner") Motion to Dismiss Plaintiff's Amended Complaint for Lack of Subject-Matter Jurisdiction and Failure to State a Claim, ECF No. [23] ("Motion"). Plaintiff Alex Anderson, Jr. ("Plaintiff" or "Anderson") did not file a Response. The Court has carefully considered the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is granted, and this case is dismissed.

On June 7, 2022, Plaintiff filed his Amended Civil Rights Complaint § 1983, ECF No. [14], in which he invokes the Court's diversity and federal question jurisdiction to challenge the amount of his monthly Supplemental Security Income ("SSI") benefits. According to Plaintiff, his previous appeal of Defendant's determination of benefits resulted in a dismissal for failure to exhaust administrative remedies. *See Anderson v. Astrue*, Case No. 1:10-cv-23801-WJZ. ECF No. [14] at 13-14. The dismissal was affirmed on appeal by the United States Court of Appeals for the Eleventh Circuit. *See Anderson v. Comm'r, Soc. Sec. Admin.*, 544 F. App'x 861, 861 (11th Cir. 2013). In the Amended Complaint, Plaintiff purports to assert claims for violation of his

constitutional rights and seeks relief in the form of review of the amount of his SSI benefits. In the Motion, Defendant argues that the Court again lacks subject matter jurisdiction because Plaintiff has not exhausted his administrative remedies and, in the alternative, Plaintiff fails to adequately state a claim for relief.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citing *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11 (1799) and *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-183 (1936)). "The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties. Otherwise, a party could work a wrongful extension of federal jurisdiction and give courts power the Congress denied them." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (quoting *Jackson v. Seaboard Coast Line R.R.*, 678 F.2d 992, 1000-01 (11th Cir. 1982)) (internal quotations omitted). Accordingly, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id*.

The Amended Complaint must be dismissed because the Court lacks subject matter jurisdiction. Plaintiff asserts that he is excused from the requirement of exhausting his administrative remedies because he raises only constitutional issues as the basis for his entitlement. However, other than referring in passing to the First, Eighth, and Fourteenth Amendments, the Amended Complaint fails to allege any facts that would give rise to a colorable claim for violation of any constitutional rights. Rather, a review of the Amended Complaint and its attachments

plainly reveals that Plaintiff seeks review of Defendant's determination of the amount of his SSI benefits pursuant to 42 U.S.C. § 405(g).

Moreover, nothing in the record supports that Plaintiff has sought review by the Appeals Council or that the Appeals Council has rendered a final decision regarding his claim. 42 U.S.C. § 405(g) provides the jurisdictional basis for judicial review in Social Security matters as follows:

> Any individual, after any **final decision** of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

(emphasis added).

There exist three prerequisites set forth for judicial review in § 405(g): (1) a final decision made by the Commissioner after a hearing; (2) the commencement of a civil action within sixty days of the mailing of notice of the Commissioner's final decision; and (3) the filing of the action in an appropriate district court. *Weinberger v. Salfi*, 422 U.S. 749, 763-64 (1975). The Commissioner's decision is considered "final" only after completing the four steps of the administrative review process: (1) initial determination; (2) reconsideration determination; (3) hearing before an ALJ; and (4) Appeals Council review. Thus, if a plaintiff fails to request review from the Appeals Council, "there is no final decision and, as a result, no judicial review. . . ." *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000) (citing 20 CFR § 404.900(b)). "In administrative-law parlance, such a claimant may not obtain judicial review because he has failed to exhaust administrative remedies." *Id*.

Because Plaintiff fails to establish in the Amended Complaint, or the materials attached, that he has received a "final decision" from the Commissioner, Plaintiff has failed to establish that this Court has subject matter jurisdiction under § 405(g). It is axiomatic that the Court cannot

consider Plaintiff's claims without proper jurisdiction. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 84 (U.S. 1998) ("In a long and venerable line of cases, this Court has held that, without proper jurisdiction, a court cannot proceed at all, but can only note the jurisdictional defect and dismiss the suit.") (citations omitted).

Because the Court lacks subject matter jurisdiction, the Court does not consider Defendant's alternative argument that the Amended Complaint fails to adequately state a claim for relief.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Complaint, **ECF No. [1]**, is **DISMISSED WITHOUT PREJUDICE.**
2. The Clerk of Court is directed to **CLOSE** this case.
3. Any pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida on November 8, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Alex Anderson, Jr., *pro se*
BAVR (DHS Shelter)
21-10 Borden Avenue
Long Island City
Queens, New York 11101-4518